**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | | |
|---|---|---|
| Payments IP Pty Ltd., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-17-00389 |
| B52 Media, LLC, *et al.,* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW AS <u>COUNSEL FOR DEFENDANT SURAJ RAJWANI</u>

Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") and Karin Hunter Johnson, Esq. submit this memorandum of points and authorities in support of their motion to withdraw as counsel of record for Defendant Suraj Rajwani.  Professional considerations warrant withdrawal as counsel of record.

The Maryland Rules of Professional Conduct expressly allow an attorney to withdraw where:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client persists in a course of action involving the attorney's services that the attorney reasonably believes is criminal or fraudulent;

(3) the client has used the attorney's services to perpetrate a crime or fraud;

(4) the client insists upon action or inaction that the attorney considers repugnant or with which the attorney has a fundamental disagreement;

(5) the client fails substantially to fulfill an obligation to the attorney regarding the

attorney's services and has been given reasonable warning that the attorney will withdraw

unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the attorney or

has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Maryland Attorneys' Rules of Professional Conduct 19-301.16.  Sheppard Mullin and Ms.

Johnson have good cause to be relieved as counsel of record under the Maryland Rules of

Professional Conduct.

The Local Rules of this Court permit counsel to withdraw from representing an

individual upon leave of court where:

(1) appearance of other counsel has been entered, or

(2) withdrawing counsel files a certificate stating (a) the name and last known address of

the client, and (b) that a written notice has been mailed to or otherwise served upon the

client at least seven (7) days previously advising the client of counsel's proposed

withdrawal and notifying the client either to have new counsel enter an appearance or to

advise the Clerk that the client will be proceeding without counsel.

Local Civil Rule 101(2)(a).  Three attorneys from the Baltimore law firm Brown Goldstein Levy

have entered appearances in this case on behalf of Mr. Rajwani.  (Dkt. Nos. 44, 45 and 46).

Given that other counsel has appeared on Mr. Rajwani's behalf, Sheppard Mullin and Ms.

Johnson are permitted to withdraw under the Local Rules.

Sheppard Mullin and Ms. Johnson have represented Mr. Rajwani in this litigation, but

Mr. Rajwani has also been represented and advised by co-counsel with regard to this matter.

(Declaration of Karin H. Johnson in Support of Motion to Withdraw ("Johnson Decl." ¶ 2.)  The

engagement agreement between Sheppard Mullin and Mr. Rajwani allows Mr. Rajwani to terminate the representation at any time.  Sheppard Mullin may also terminate the agreement at any time, subject to its ethical obligation to give Mr. Rajwani reasonable notice to arrange for alternative representation.  (*Id.* ¶ 2.)  Sheppard Mullin has discussed this motion with Mr. Rajwani.  (*Id.* ¶ 3.)  Between July 12 and July 15, 2017, Sheppard Mullin contacted Mr. Rajwani several times to notify him of its intent to file a motion to withdraw as legal counsel.  (*Id.*)  To date, Mr. Rajwani has not indicated that he will oppose this motion.  (*Id.* ¶ 4.)  The withdrawal of Sheppard Mullin and Ms. Johnson will not harm Mr. Rajwani, nor will it affect the interests of the other parties to this litigation, who may continue to litigate this case with no interruption.

For these reasons, Sheppard Mullin and Ms. Johnson respectfully request that the Court grant this motion to withdraw as counsel of record for Defendant Mr. Rajwani, Inc.

Dated:  July 17, 2017                      Respectfully submitted,

                                 *    /s/   Karin H. Johnson* _
                                 Karin H. Johnson (Bar No. 19264)
                                 Sheppard Mullin Richter & Hampton LLP
                                 2099 Pennsylvania Avenue, NW, Suite 100
                                 Washington, D.C. 20006-6801
                                 (202) 747-1900
                                 kjohnson@sheppardmullin.com

                                 *Attorney for Defendant Suraj Rajwani*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this 17th day of July, 2017, a copy of the foregoing

Motion for Leave to Withdraw as Counsel for Defendant Suraj Rajwani was filed with this

Court, via the Court's CM/ECF filing system, which will send copies to the following counsel of

record:

Paul A. Fenn, Esquire
Daniel J. McCartin, Esquire
CONTI FENN & LAWRENCE LLC
36 South Charles Street, Suite 2501
Baltimore, Maryland  21201
*Attorneys for Plaintiff*

Andrew T. Oliver, Esquire
Daniel W. Bedell, Esquire
AMIN TUROCY & WATSON LLP
160 W. Santa Clara Street, Suite 975
San Jose, California  95113

Nathan Daniel Adler, Esquire
NEUBERGER QUINN GIELEN RUBIN AND GIBBER PA
One South Street, 27th Floor
Baltimore, MD 21202
*Attorney for B52 Media LLC and Jonathan W. Bierer*

and

Andrew D. Levy, Esquire
Andrew D. Freeman, Esquire
Abigail Graber, Esquire
BROWN, GOLDSTEIN & LEVY, LLP
120 East Baltimore Street, Suite 1700
Baltimore, MD 21202
*Attorneys for Suraj Rajwani*


A copy of the foregoing was also served via certified mail on:

Suraj Rajwani
DoubleRock, LLC
1 Sansome Street, Suite 3500
San Francisco, CA 94104


                                    */s/   Karin H. Johnson*
                                    Karin H. Johnson